# Rockhill's Estate.

*Wills—Issue devisavit vel non—Testamentary capacity—Undue influence—Probate—Evidence.*

On an application for an issue devisavit vel non, it appeared that twenty years before the making of the will in contest, testatrix made a will leaving her estate to her husband, and in case of his death, to his son by a former wife, with a devise over to a church. Subsequently the husband and son died. Testatrix had a long standing indifference, if not dislike to the contestants, who were not very close relatives. In making her second will she made the beneficiary the physician who attended her husband in his last illness, and to whom she expressed herself as indebted for personal kindness as well as professional skill. The testimony showed that the mind, memory and understanding of the testatrix at the time of the execution of her last will and down to the very day of her death, were absolutely unimpaired, and that she was a woman of strong will, and unusual intellect. There was no evidence of undue influence, or abuse of confidential relations. *Held*, that the court below properly refused an issue.

Argued Jan. 13, 1904. Appeal, No. 113, Jan. T., 1904, by Charles H. Quigley, from decree of O. C. Phila. Co., Jan. T., 1898, No. 169, refusing an issue devisavit vel non in estate of Emma E. T. Rockhill, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Appeal from register of wills.
The opinion of the Supreme Court states the case.

*Error assigned* was in refusing an issue devisavit vel non.

*Henry B. Hodge* and *John G. Johnson*, with them *George G. Mercer*, for appellant.

*R. L. Ashhurst*, for appellees.

PER CURIAM, April 11, 1904:
As it is entirely clear that no verdict against the will could be sustained the court was right in refusing an issue. The facts as they appear convincingly on the whole evidence are that a woman of middle age, left suddenly a widow, without children, with no very close relatives and a long standing in-

difference if not dislike to those she had, looked about for a legatee not one whom the law would appoint. This purpose was not a new or sudden whim. Twenty years earlier she had made a will leaving her estate to her husband, and in case of his death to his son by a former wife, with a devise over in favor of St. Paul's Church in Baltimore, thus entirely barring her relatives who are now contesting her subsequent will. Both her husband and herself were invalids, and for some years had lived abroad. She selected as the recipient of the bounty which she intended to keep from her relatives, the physician who attended her husband in his last illness and to whom she expressed herself as indebted for personal kindness as well as professional skill.

It was found by the court below that " there was no evidence whatever in support of the averment of want of testamentary capacity ; on the contrary, the testimony of the witnesses for the appellant, as well as of the proponents, showed, beyond all question, that the mind, memory and understanding of the decedent, at the time of the execution of these papers and down to the very day of her death, were absolutely unimpaired ; and that she was a woman of strong will and unusual intellect." It would therefore have required strong evidence to justify the submission of the case to the jury on the question of undue influence. or abuse of confidential relations. But there was no such evidence, and the circumstances of the making of the will rebut any such suggestion.

Decree affirmed at the costs of the appellants.